# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON MCCLINTOCK,<br><br>                          Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                          Defendant. | CASE NO. 09cv1647 - IEG JMA)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>[Doc. No. 23] |

Presently before the Court is an application for fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, brought by Plaintiff Clinton McClintock. Defendant opposes the application, arguing the requested fee is unreasonable. For the reasons stated herein, the Court **GRANTS IN PART** Plainitff's application for attorney fees.

## BACKGROUND

On July 30, 2009, Plaintiff filed a complaint in this Court seeking review of Defendant's final administrative decision denying Plaintiff Social Security Supplemental Security Income Payments. (Doc. No. 1.) After Plaintiff filed his Motion for Summary Judgment, the parties filed a Joint Motion to Remand, which the Court granted. (Doc. Nos. 13, 19-20.) Plaintiff filed the present motion for attorney fees on January 12, 2011. (Doc. No. 23.) The Court vacated the hearing scheduled for February 22, 2011, taking the matter under submission pursuant to Local Civil Rule 7.1(d).

**DISCUSSION**

Pursuant to the EAJA, a prevailing party will be awarded reasonable attorney fees unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Fees awarded pursuant to the EAJA must be reasonable. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); see also Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."). The district court has discretion in determining the amount of the fee award, including "the reasonableness of the hours claimed by the prevailing party." Gates, 987 F.2d at 1398.

There is no dispute in this case as to whether Plaintiff was the prevailing party, whether the government's position in the litigation was "substantially justified," or whether "special circumstances make an award unjust." Defendant opposes Plaintiff's request for attorney fees based solely the reasonableness of Plaintiff's request. See generally Def.'s Opp. Defendant also maintains that the attorney fees are payable to Plaintiff, not his attorney. Id. at 7. Plaintiff has requested a total award of $6,295.96 for 36.43 hours of attorney work, along with $254.00 for 4.1 hours of paralegal work and postage. See Pl.'s Mot. Ex. 3. Defendant objects to the reasonableness of Plaintiff's request on several grounds, as discussed below.

    *1.*    *Pre-Complaint Activity*

Defendant argues that Plaintiff should not be compensated for work performed prior to filing a complaint in this Court. See Def.'s Opp. at 3 (arguing "the EAJA does not compensate for work performed before a civil action is filed") (citing 28 U.S.C. § 2412(d), Melkonyan v. Sullivan, 501 U.S. 89, 97 (1991), and Mendenhall v. NTSB, 213 F.3d 464, 469 (9th Cir. 2000)).

However, neither the statute nor the cases Defendant cites stands for the proposition that the EAJA does not permit compensation for work performed before a civil action is filed. Mendenhall comes closest, but that case dealt with whether the EAJA permits compensation for work performed in administrative proceedings prior to the filing of a civil action, not for work performed in preparation for the filing of a civil action. See Mendenhall, 213 F.3d at 468-69.

1    Upon review, the Court concludes Plaintiff's request, as it relates to work performed in
2 preparation for the filing of a civil action, is proper and reasonable.

3    *2.    Clerical Tasks*

4    Defendant argues that Plaintiff's request includes 2.57 hours of clerical tasks that are not
5 compensable under the EAJA. Def.'s Opp. at 4. Defendant objects to Plaintiff's request for time
6 spent on service of process, certificates of service, and reviewing PACER documents regarding
7 counsel's own filings and joint motions. Id. Defendant also objects to Plaintiff's request for $254
8 for 4.1 hours at $60 per hour for tasks expressly designated as "clerical/paralegal" tasks and $8 in
9 postage. Id. (referencing Pl.'s Mot. Ex. 3 at 7).

10   Tasks of a clerical nature are not compensable as attorney's fees under the EAJA. Mobley
11 v. Apfel, 104 F. Supp 2d. 1357, 1360 (M.D. Fla. 2000); see also Missouri v. Jenkins, 491 U.S. 274,
12 288 n.10 (1989) ("purely clerical or secretarial tasks" should not be billed even at paralegal rates,
13 "regardless of who performs them"). However, review of service documents and other documents
14 filed with the court is not clerical work that can be performed by a non-attorney. See Aguilera v.
15 Astrue, 2009 WL 1156510, at * 3 (S.D. Cal. Apr. 28, 2009).

16   Accordingly, as it pertains to time spent reviewing documents to which counsel affixed her
17 signature for filing, including service documents, Plaintiff's request is reasonable. In contrast,
18 Plaintiff's request is not reasonable insofar as it includes time spent reviewing a routine motion
19 already filed with the Court. Compare Doc. No. 2 (July 30, 2009 motion for leave to proceed in
20 forma pauperis), with Pl.'s Mot. Ex. 3 at 1 (July 31, 2009 entry "Review United States District
21 Court Document re: Motion for leave to proceed in forma pauperis"). Accordingly, the Court
22 reduces Plaintiff's requested fee award by 0.08 hours. Likewise, insofar as Plaintiff requests fees
23 for tasks expressly designated "clerical," such a request is not compensable.

24   *3.    Preparation of the EAJA Motion*

25   Defendant argues that Plaintiff's request for 6.5 hours in attorney fees for time spent
26 preparing the present EAJA motion is unreasonable. Def.'s Opp. at 5-6. Defendant argues that
27 counsel should have entered her time contemporaneously, and therefore the 2.75 hours spent
28 itemizing hours is unreasonable. Id. Defendant also emphasizes the straightforward nature of an

1  EAJA application for attorney fees and the fact that Plaintiff's counsel has prepared EAJA
2  applications in this District in the past.  Id.  Based on the foregoing, Defendant requests that the
3  Court reduce the compensable hours associated with preparing the present EAJA application by 5
4  hours.
5      The Court agrees with Defendant that the task of completing Plaintiff's initial application
6  for attorney fees is straight-forward and routine.  Plaintiff's requested fee award of 6.5 hours for
7  the initial application is excessive, and therefore the Court reduces Plaintiff's requested fee award
8  by 4 hours.  See Brandt v. Astrue, 2009 WL 1727472, at *4 (D. Or. June 16, 2009) (reducing from
9  2 hours to 30 minutes attorney fee award for time spent drafting an EAJA application because
10 itemizing a billing statement is a clerical task and the application itself consists mostly of
11 "boilerplate" language).
12     *4.     Review of Identical Emails*
13     Defendant argues that the government should not be billed for counsel's duplicative and
14 unnecessary reviews of identical emails and documents, which Defendant contends totals 1.35
15 hours.  Def.'s Opp. at 5.  According to Defendant, the parties agreed that Defendant's counsel,
16 Timothy R. Bolin, would draft a joint motion to remand.  Id. (citing Bolin Decl. ¶ 2).  When
17 Plaintiff's counsel did not respond to Mr. Bolin's initial email and attached motion to remand,
18 Defendant's counsel sent Plaintiff's counsel follow up emails and, eventually, faxes for her review.
19 Id. (citing Bolin Decl. ¶ 3).  Defendant contends that, in addition to requesting attorney fees for her
20 initial April 5, 2010 review of Mr. Bolin's email and draft motion to remand, Plaintiff's counsel
21 requests attorney fees for her subsequent April 14, 2010 review of each of Mr. Bolin's follow up
22 emails.  Id. (citing Pl.'s Mot. Ex. 3).
23     Based on the foregoing, the Court agrees with Defendant that Plaintiff's review of follow
24 up emails and attachments was duplicative, unnecessary and therefore unreasonable.  The Court
25 therefore reduces Plaintiff's requested fee award by 1.35 hours.
26     *5.     Recipient of Award*
27     Defendant requests that the Court specify either that the EAJA fees are payable to Plaintiff
28 or that any assignment cannot be effectuated without consideration of the Treasury Offset Program.

See Def.'s Opp. at 7.

An award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant and is therefore subject to an offset to satisfy any pre-existing debt that the litigant owes the United States government. Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010). However, provided that the litigant has executed an assignment to counsel of all rights in such fees, the Supreme Court's decision in Ratliff does not preclude direct payment of fees to counsel in the absence of a pre-existing debt. See Griffin v. Astrue, 2020 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) (citing cases).

Based on the foregoing, the Court instructs Defendant to determine whether Plaintiff has any pre-existing debt obligations. Upon a determination that none exist, Defendant shall direct payment of attorney fees to Plaintiff's counsel as provided in this order.

## CONCLUSION

The Court **GRANTS IN PART** Plaintiff's motion for attorney fees. Having reduced Plaintiff's request for attorney fees by 5.42 hours, to 31.01 hours, the Court awards $5333.72 in attorney fees. The Court **ORDERS** as follows:

1. Defendant shall determine whether Plaintiff has any debt obligations subject to the Treasury Offset Program. If Defendant determines that Plaintiff does not have any pre-existing debt obligations, Defendant shall promptly direct payment of attorney fees to Plaintiff's counsel as provided in this order.

2. Defendant shall notify the Court whether Plaintiff has any debt obligations subject to the Treasury Offset Program and confirm payment of attorney fees **on or before April 8, 2011**.

**IT IS SO ORDERED.**

**DATED: March 22, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**